**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 14-cr-00445-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PHILLIP DAVID HERNANDEZ,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND**
**JURY MATERIAL**

---

This matter is before the Court on Defendant's Motion for Disclosure of Grand

Jury Material (Doc. # 26.)  For the reasons set forth below, Defendant's Motion is

DENIED.

## I.     BACKGROUND

On November 4, 2014, the grand jury indicted Defendant Phillip David

Hernandez on a single count of violating 18 U.S.C. § 922(g)(1).   Defendant now

requests that the Government disclose the transcript of those grand jury proceedings as

well as any exhibits used during the proceedings, because "[t]he disclosure and review

of such material will aid the defendant in preparing for the evidentiary hearing that has

been set for February 20, 2015."  Per Defendant's Motion to Suppress (Doc. # 23), the

outcome of the suppression hearing hinges on the nature of two police officers'

interactions with Defendant, and whether their encounter with Defendant was

consensual and/or based on reasonable suspicion.

## II.   ANALYSIS

### A.   LEGAL STANDARD

The United States Supreme Court maintains that "the proper functioning of our

grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil*

*Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).  This secrecy, however, is not

absolute; Fed. R. Crim. P. 6(e) articulates exceptions to this general rule.  *Id.*  Where,

as in this case, the Defendant requests copies of grand jury materials, Rule 6(e)(3)(E)(ii)

applies: "The Court may authorize disclosure—at a time, in a manner, and subject to

any other conditions that it directs—of a grand jury matter . . . (ii) at the request of a

defendant who shows that a ground may exist to dismiss the indictment because of a

matter that occurred before the grand jury."

The prerequisites for disclosure of grand jury materials are "demanding."  *See*

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (outlining standard

for determining whether grand jury secrecy should be breached).  Specifically, a party

seeking grand jury materials must show a "particularized need" for the materials, i.e.,

that (1) the materials are needed to avoid a possible injustice in another judicial

proceeding, (2) the need for disclosure is greater than the need for continued secrecy,

and (3) the request is structured to cover only material so needed.  *United States v.*

*Edge*, 315 F. App'x 92, 96 (10th Cir. 2009) (quoting *Douglas Oil,* 441 U.S. at 222);

*United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984).  Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials.  *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997).  Indeed, review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.  *U.S. v. Orr*, No. 06-CR-00192-LTB, 2007 WL 88453, at *2 (D. Colo. Jan. 9, 2007) (unpublished) (citing *U.S. v. Torres*, 901 F.2d 205, 233 (2nd Cir. 1990).

**B.    APPLICATION**

The Government's Response indicates that it intends to present the testimony of Denver Police Department Officers Daniel Walton and Wile Morghem at the suppression hearing, as these officers were the only two individuals present during the encounter with Defendant which gives rise to Defendant's motion to suppress. However, Officers Walton and Morghem did not testify before the grand jury in this case.  (Doc. # 27 at 2.)  Additionally, the Government has indicated that it has considered both *Jencks* (18 U.S.C. § 3500) and impeachment material in reaching the conclusion that it did not have a discovery obligation to produce the grand jury transcript.  (*Id.*)  Because Defendant has not shown that the evidence would be relevant in connection with this hearing (and, indeed, because relevance alone is not sufficient), Defendant has, by definition, not made a "strong showing of particularized need," as is required for disclosure.  *See Warren*, 747 F.2d at 1347.

Accordingly, Defendant's Motion for Disclosure of Grand Jury Material (Doc. # 26) is DENIED.

DATED:  February 19, 2015.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge